B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re  Eduardo Soto & Benita Oyola ,
        *Debtor*

Case No. 15-05919-MGW
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Westgate Resorts

2. Amount of the debt subject to this reaffirmation agreement:
   $ 9,781.73   on the date of bankruptcy   $ 9,781.73   to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   17.99  % prior to bankruptcy
   17.99  % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 189.89  per month for  104  months

5. Collateral, if any, securing the debt: Current market value: $ 9,781.73
   Description:  Timeshare

6. Does the creditor assert that the debt is nondischargeable? ___ Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| **Debtor's Schedule I and J Entries** | **Debtor's Income and Expenses as Stated on Reaffirmation Agreement** |
|---|---|
| 7A. Total monthly income from Schedule I, line 12   $ 3,325.84 | 7B. Monthly income from all sources after payroll deductions   $ 3,325.84 |
| 8A. Total monthly expenses from Schedule J, line 22   $ 3,425.00 | 8B. Monthly expenses   $ 3,325.00 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J   $ 0.00 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses   $ 0.00 |
| | 10B. Net monthly income   $ .84 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/13)                                                                                              Page 2

11.  Explain with specificity any difference between the income amounts (7A and 7B):

  None

12.  Explain with specificity any difference between the expense amounts (8A and 8B):

  Clients have adjusted the amount of $100.00 from their Home repair expenses.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

**Other Information**

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:



Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
  ✓ Yes            _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
  ✓ Yes            _____ No



**FILER'S CERTIFICATION**

  I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Cade Taylor, Director of Portfolio Services
Print/Type Name & Signer's Relation to Case

Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## Middle District of FL

In re: Eduardo Soto & Benita Oyola
      Debtor

Case No 15-05919-MGW
Chapter 7

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[**Note:** Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Westgate Vacation Villas, LLC, Limited Liability Company

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
    This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

    The amount of debt you have agreed to reaffirm: $ 9781.73

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A - Reaffirmation Agreement (Cont.)**  2
<u>ANNUAL PERCENTAGE RATE</u>

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

        *--- And/Or ---*

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

        $ _____ @ _____ %;
        $ _____ @ _____ %;
        $ _____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i)    The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

        *--- And/Or ---*

        (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>17.99</u>%. If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)** 3

the amount of each balance and the rate applicable to it are:
$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Item or Type of Item                Original Purchase Price or Original Amount of Loan
Note and Mortgage                   $10327.36

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your payment schedule will be: 104(number) payments in the amount of $189.89 each, payable (monthly, annually, weekly, etc.) on the 2nd (day) of each month (week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**Form 240A - Reaffirmation Agreement (Cont.)** 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A - Reaffirmation Agreement (Cont.)** 5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Form 240A - Reaffirmation Agreement (Cont.)** 6

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
That certain Note dated 11/02/2013, in the original principal amount of $10327.36, made by Debtor to and in favor of Creditor, secured by that certain Warranty Deed and Lien on Real Property recovered on 01/29/2015, in the public records of Osceola, Florida, Book 4727, Page 2338.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
None.

SIGNATURE(S):

Borrower:

Eduardo Soto
(Print Name)

X _____
(Signature)

Date: 7/28/15

Co-borrower, if also reaffirming these debts:

Benita Oyola
(Print Name)

X _____
(Signature)

Date: 7/28/15

Accepted by creditor:

Westgate Vacation Villas, LLC
(Printed Name of Creditor)

2801 Old Winter Garden Rd.
(Address of Creditor)

Ocoee, Florida 34761
(Address of Creditor)

_____
(Signature) Cade Taylor

Director of Portfolio Services
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

08/03/15

**Form 240A - Reaffirmation Agreement (Cont.)** 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Luis F. Vega

Signature of Debtor's Attorney: /s/ Luis F. Vega

Date: 7/28/15

**Form 240A - Reaffirmation Agreement (Cont.)** 8
**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3,325.84 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3,135.11, leaving $ 190.73 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____.

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: X _[signature]_____
        (Debtor)
        X _[signature]_____
        (Joint Debtor, if any)
Date: 7/28/15

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)
        _____
        (Joint Debtor, if any)
Date: _____

**Form 240A - Reaffirmation Agreement (Cont.)** 9

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

## MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
       (Debtor)

       _____
       (Joint Debtor, if any)
Date: _____

THIS INSTRUMENT PREPARED BY:
LEONARD LUBART, ESQ.
GREENSPOON MARDER, P.A.
100 West Cypress Creek Road, #700
Fort Lauderdale, Florida 33309

CFN 2015013839
Bk 4727 Pg 2338 (1 Pgs)
DATE: 01/29/2015  08:35:15 AM
ARMANDO RAMIREZ, CLERK OF COURT
OSCEOLA COUNTY
RECORDING FEES $10.00
DEED DOC $74.90
MTG DOC $36.40
INTANGIBLE $20.65

-500-

# WARRANTY DEED AND LIEN ON REAL PROPERTY
## Westgate Vacation Villas XIV

DOCUMENTARY STAMP TAXES AND INTANGIBLE TAXES HAVE
BEEN PAID PURSUANT TO FLORIDA STATUTES, 199.133(1), 201.02(1) AND 201.02(2)

Parcel Identification No. R102527-5451-0001-0010

THIS INDENTURE made this 2ND day of November, 2013, between
**Westgate Vacation Villas LLC, a Florida limited liability company**
whose post office address is 5601 Windhover Dr., Orlando, FL 32819
organized and existing under the laws of the State of Florida, hereinafter referred to as "Grantor" or
"Lender" as appropriate, and
Eduardo Soto
Benita Oyola, Husband and Wife

As Joint Tenants with Right of Survivorship
whose post office address is 2770 Old Lake Wilson Road, Kissimmee, FL 34747 hereinafter referred to as "Grantee" or "Borrower" as appropriate.

WITNESSETH:

That the Grantor, in consideration of Ten ($10.00) Dollars and other good and valuable consideration to it paid by the Grantee, the receipt of which is acknowledged, has bargained and sold, and by these presents does grant, bargain, sell and convey unto the aforesaid Grantee, their heirs, devisees, successors and assigns, forever the following described property, (the "Property") situate and being in Osceola County, Florida:

1/2 Time Share Interest(s) All Season - Float Week / Float Unit according to the Time Sharing Plan for Westgate Vacation Villas, Phase XIV, recorded in Official Records Book 1021, at Page 1053, of the Public Records of Osceola County, Florida (the "PLAN").
Together with the right to occupy, pursuant to the Plan, Building(s) / Unit(s) / Unit Week(s) / Assigned Year(s),
II/03 / 17 / ODD

2770 Old Lake Wilson Road, Kissimmee, FL 34747 (herein "Property Address")

Grantee shall not be deemed a successor or assign of Grantor's rights or obligations under the afore described Declaration or any instrument referred to therein. Grantee, by acceptance hereof, and by agreement with Grantor, hereby expressly assumes and agrees to be bound by and to comply with all of the covenants, terms, conditions and provisions set forth and contained in the Declaration, including, but not limited to, the obligation to make payment for assessments or the maintenance and operation of the Resort which may be levied against the above described Time Share Interest, and the obligation to pay the indebtedness as described below, subject to the lien granted and reserved herein.

And the Grantor does hereby fully warrant the title to said property and will defend the same against lawful claims of all persons whomsoever, subject to easements, conditions, restrictions, covenants and limitations of record and taxes for the year of the conveyance and subsequent years.

Grantee as Borrower acknowledges that, in connection with this conveyance, Grantee has executed a Promissory Note (the "Note") in the amount of **Ten Thousand Three Hundred Twenty-Seven Dollars & 36 Cents ($10,327.36)** providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **February 2, 2024.**

Grantee as Borrower does hereby further mortgage, grant and convey to Grantor as Lender, and Lender does hereby reserve unto itself, its successors and/or assigns, a lien and security interest in the Property in order to secure repayment of the Note. Notwithstanding the provisions of paragraph 19 of the Master Form of Mortgage and Riders and Addendums attached thereto, if any, recorded in Official Records Book 2525, at Page 1568, of the Public Records of Osceola County, Florida (the "Master Mortgage"), if the Borrower fails to make timely payments under the obligation secured by this mortgage, or is otherwise deemed in uncured default of this mortgage, the lien against the Borrower's Timeshare Interest created by this mortgage may be foreclosed in accordance with either a judicial foreclosure procedure or a trustee foreclosure procedure and may result in the loss of Borrower's Timeshare Interest. If the Lender initiates a trustee foreclosure procedure, the Borrower shall have the option to object, and the Lender may proceed only by filing a judicial foreclosure action. Lender and Borrower hereby expressly adopt and incorporate by reference as if fully set forth herein and hereby agree to be bound by the covenants and agreements contained in the Master Mortgage. The lien and security interest granted herein may be assigned by Lender by separate assignment of the lien and security interest created hereby. Notwithstanding anything contained herein to the contrary, this instrument shall be deemed one instrument consisting of both a conveyance of real property and the granting and reservation of a lien and security interest.

Signed, Sealed and Delivered in the Presence of:

LUZ ECHEVERRY
Print Name:

Christy Abbott
Print Name:

STATE OF FLORIDA  COUNTY OF ORANGE )

The foregoing instrument before me this ___ day of December, 2014, by David A. Siegel.
He/She is personally known to me and who did/did not take an oath.

LUZ S ECHEVERRY
MY COMMISSION # EE343113
EXPIRES October 11, 2016
(407) 398-0153  FloridaNotaryService.com

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____
GRANTEE/BORROWER Eduardo Soto

_____
GRANTEE/BORROWER

Westgate Vacation Villas LLC, a Florida limited liability company

By: Westgate Resorts, Inc. a Florida corporation, its Manager

By: _____
Name: David A. Siegel  Title: President

_____
Notary Signature and Seal

_____
GRANTEE/BORROWER Benita Oyola

_____
GRANTEE/BORROWER

STATE OF FLORIDA, COUNTY OF Osceola)

The foregoing instrument was acknowledged before me this 2ND day of November, 2013, by
Eduardo Soto and Benita Oyola
He/she is personally known to me or has produced passport/driver's license as a type of identification.

Jose E. Diaz
COMMISSION # EE132024
EXPIRES: SEP 20, 2015
WWW.AARONNOTARY.com

Notary Signature and Seal
Expiration Date _____

WR053A 05/12

# CONTRACT FOR PURCHASE AND SALE

Westgate Vacation Villas XIV  
2770 Old Lake Wilson Road  
Kissimmee, FL 34747

SELLER/DEVELOPER  
WESTGATE VACATION VILLAS, LLC,  
a Florida limited liability company  
2801 Old Winter Garden Road  
Ocoee, Florida 34761

Purchaser: -3898, -0122  
Eduardo Soto  
Benita Oyola, Husband and Wife



Address: As Joint Tenants with Right of Survivorship  
703 PUTT LANE  
KISSIMMEE, FL 34759 USA



Home Telephone: 4077294035               Business Telephone: 4077298301

Purchaser (s) agree (s) to purchase and Seller agrees to sell to Purchaser one (1) or more timeshare intervals in the Time Share Accommodations known as WESTGATE, Vacation Villas XIV a Time Share Resort, 2770 Old Lake Wilson Road, Kissimmee, Florida 34747, pursuant to the terms and conditions of this Contract for Purchase and Sale and the Time Sharing Plan, a copy of which is included with the Public Offering Statement that each Purchaser receives upon execution of a Contract for Purchase and Sale, together with all improvements, easements, rights, privileges and appurtenances pertaining to said Time Share Interest as set forth in the Time Sharing Plan and all Exhibits thereto:  
2 - BEDROOM STANDARD

Number of Time Share Interests Purchased: 1/2        Fixed or Floating: All Season - Float Week / Float Unit  
Assigned Unit(s) / Unit Week(s) / Year(s):              First Available Occupancy Date: 2015  
11-03 / 17 / ODD

Estimated Ad Valorem Tax Assessments: Even Years $ 0.00        Odd Years $ 110.00  
Estimated Maintenance Assessments: Even Years $ 0.00           Odd Years $ 764.00

1. Purchase Price ............................................................................................... $ 10,700.00
2. Closing Charges ............................................................................................ $ 372.00
3. Exchange Membership Dues ........................................................................ $ 89.00
   *(In the event Purchaser elects to become a member of the exchange program)*
4. Debt Waiver For Loss of Life* _____ $ 727.36
   Eduardo Soto
5. Debt Waiver For Involuntary Unemployment* _____ $ N/A
6. Total (1+2+3+4+5) ......................................................................................... $ 11,888.36
7. Deposit Made this Date ................................................................................. $ 500.00
8. Additional Deposit Due 12/02/2013 / $353.00  01/01/2014 / $353.00           $ 1,061.00
   01/28/2014 / $355.00
9. Total Down Payment (7+8) ............................................................................ $ 1,561.00
10. Amount Financed (6 minus 9) ....................................................................... $ 10,327.36

* Additional information regarding credit life insurance and involuntary unemployment insurance is available upon request.

THIS AGREEMENT is subject to the terms and conditions set forth on the attached page(s) hereof which by reference is made a part hereof. THE DEVELOPER HAS LIMITED YOUR RESALE RIGHTS. ANY FUTURE PURCHASER (OTHER THAN A TRANSFER AS THE RESULT OF DEATH, DIVORCE OR TO AN IMMEDIATE FAMILY MEMBER) WHO BUYS YOUR TIMESHARE INTEREST FROM YOU HAVE SEVERELY LIMITED OPPORTUNITY TO RESERVE OCCUPANCY IN THIS TIMESHARE PLAN.

FOR THE PURPOSE OF AD VALOREM ASSESSMENTS, TAXATION AND SPECIAL ASSESSMENTS, THE MANAGING ENTITY WILL BE CONSIDERED THE TAXPAYER AS YOUR AGENT PURSUANT TO SECTION 192.037, FLORIDA STATUTES.

YOU MAY CANCEL THIS CONTRACT WITHOUT ANY PENALTY OR OBLIGATION WITHIN TEN (10) CALENDAR DAYS AFTER THE DATE YOU SIGN THIS CONTRACT OR THE DATE ON WHICH YOU RECEIVE THE LAST OF ALL DOCUMENTS REQUIRED TO BE GIVEN TO YOU PURSUANT TO SECTION 721.07(6), FLORIDA STATUTES, WHICHEVER IS LATER.

IF YOU DECIDE TO CANCEL THIS CONTRACT, YOU MUST NOTIFY* THE SELLER IN WRITING OF YOUR INTENT TO CANCEL. YOUR NOTICE OF CANCELLATION SHALL BE EFFECTIVE UPON THE DATE SENT AND SHALL BE SENT TO WESTGATE VACATION VILLAS, LLC, 2801 OLD WINTER GARDEN ROAD, OCOEE, FLORIDA 34761. ANY ATTEMPT TO OBTAIN A WAIVER OF YOUR CANCELLATION RIGHTS IS VOID AND OF NO EFFECT. WHILE YOU MAY EXECUTE ALL CLOSING DOCUMENTS IN ADVANCE, THE CLOSING, AS EVIDENCED BY DELIVERY OF THE DEED OR OTHER DOCUMENT, BEFORE EXPIRATION OF YOUR TEN (10) DAY CANCELLATION PERIOD, IS PROHIBITED.

DATE OF EXECUTION                                          (As to Purchaser) November 2, 2013  
                                                           (As to Developer) November 2, 2013  
_____ Signature of Purchaser  
Eduardo Soto                                               _____  
                                                           Signature on Behalf of Seller  
_____ Signature of Purchaser  
Benita Oyola                                               3500-  
                                                           GABRIEL RIVERA COLON 45285  
_____ Signature of Purchaser         TERRIE A GARCIA 3337  
                                                           ~~CFI CFI 315~~ CozP.A  
_____ Signature of Purchaser         2:30 PM

* "Notify", for purposes of Sections 721.06(1)(g) and 721.065(2)(c), Florida Statutes, shall mean that a written notice of cancellation is delivered, by any means which may include certified mail return receipt requested, to the entity designated to receive the notice of cancellation in the statement required by Sections 721.06(1)(g) or 721.065(2)(c), Florida Statues.

VV003A 1617368 2/13

# NOTE

,500

$ 10,327.36                                                                                                    Kissimmee, Florida

FOR VALUE RECEIVED, the undersigned ("Borrower") promise(s) to pay Westgate Vacation Villas LLC, a Florida limited liability company, or order, the principal sum of Ten Thousand Three Hundred Twenty-Seven Dollars & 36 Cents Dollars ($10,327.36) with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of 17.99 percent per annum. Principal and interest shall be payable at 5601 Windhover Drive, Orlando, FL 32819-7905, or such other place as the Note holder may designate, in consecutive monthly installments of One Hundred Eighty-Nine Dollars & 89 Cents Dollars ($189.89), on the 2ND day of each month beginning March, 2014 Such monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on February 2, 2024 ("Maturity date"). In the event the first payment date is more than thirty (30) days after the date of this Note, all interest accruing from the 31st day after the date of this Note to the first payment date shall be deemed fully earned, due and payable provided, however, the amount of such accrued interest shall be added to the principal amount due and amortized over the term of the Note without interest, which amount is included in the monthly payment set forth above.

If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than thirty (30) days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If there is a default under this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of collection, whether or not suit is brought, including, but not limited to, reasonable attorney's fees. While in default, this Note shall bear interest at the highest rate permitted by law.

Borrower shall pay to the Note holder a late charge of Twenty Five Dollars ($25.00) if any or a portion of any monthly installment is not received by the Note holder within ten (10) days after the installment is due.

Regular installments shall be applied first to interest, then to principal and then to late fees and costs.

Borrower may prepay the principal amount outstanding in whole or in part. The Note holder may require that any partial prepayments (i) be made on the date the monthly installments are due, and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Note holder shall otherwise agree in writing.

Presentment, notice of dishonor, and protest are hereby waived by all markers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address as may have been designated by notice to Borrower.

It is the parties' express intent that this Agreement and the rights, duties and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of Florida and, to the extent they preempt the laws of such state, the laws of the United States.

It is the express intent of the parties hereto that Lender does not intend or expect to charge or receive any amount in the nature of interest or which would be deemed or construed to be interest in excess of the maximum rate authorized by law. In the event any amount charged or received under this note is determined to be exceed the highest lawful rate, such excess is hereby waived and shall either be applied to the outstanding principal balance or refunded to the Maker to the extent such excess exceeds the remaining principal balance.

Each party hereto knowingly, voluntarily, and intentionally waives any right it may have to a trial by jury with respect to any litigation (including, but not limited to, any claims, cross-claims, counter-claims, or third party claims) arising out of, under, or in connection with this Agreement or between the parties to this Agreement, their affiliates, subsidiaries, successors, or assigns and irrespective of whether such litigation arises out of this Agreement, by statute, or as a matter of tort law, and the parties hereto expressly consent to a non-jury trial in the event of any of the foregoing.

All of the provisions set forth in this Note are a material inducement for Lender's entering into the transaction with Borrower.

The indebtedness evidenced by this Note is secured by a Mortgage, dated November 2, 2013 and reference is made to the Mortgage for rights as to acceleration of this indebtedness evidenced by this Note.

703 PUTT LANE
KISSIMMEE, FL 34759
USA

_____ (SEAL)
Eduardo Soto

_____ (SEAL)
Benita Oyola

_____ (SEAL)

_____ (SEAL)

Address
**UNIT(S) AND UNIT WEEK(S)**
II 03/17 O

Westgate Vacation Villas XIV                                                                                    WR005A 08/10

```
mr_payment_history                                            Date:    06/26/2015 09:35
                            Central Florida Investments
                MRPAYHIST Payment History for Contract #       500        Page:       1
```
| Cust Id | Name | Loc | Ph | T | Bldg | Unit | Wk |
|---|---|---|---|---|---|---|---|
| | SOTO EDUARDO | 0 | 14 | O | II | 03 | 17 |
| | OYOLA BENITA | | | | | | |

**Address**

611 CARIBOU COURT
KISSIMMEE, FL 34759
USA
4077294035

**Dates** / **Financial**

- WRITTN: 11/02/2013   PP: 10700.00
- ORGNXT: 03/02/2014   DP: 1100.00
- NXTBIL: 07/02/2015   MP: 727.36 S
- OCC-YR: 2015         IUI: 0.00
- P-MADE: 16/120       AF: 10327.36
- NXTDUE: 07/02/2015   IR: 17.99
-                      PA: 189.89
- BD: 9767.98          CL: 372.00
- EQ: 1320.82
- Contr-Origin: New Contract
- Bank-Code: AB AH 2014-1
- Status/Detail: Open-Bkrupt
- Status/Date: O 11/02/2013
- Detail/date: B 06/20/2015
- Type/Date: G 01/29/2014
- Deed/Date: D 01/29/2015
- Deeded: Batch# 141870
- Owner Type: All Season

| Doc # | Due Dt | Dt Paid | Total Am | Amt/ Prin | Interest | M | Pymt-ID | Mod Date | T |
|---|---|---|---|---|---|---|---|---|---|
| DP0001 | 11/02/13 | 11/02/13 | 200.00 | 200.00 | 0.00 | K | | 11/03/13 | C |
| DP0002 | 11/02/13 | 11/02/13 | 300.00 | 300.00 | 0.00 | V | | 11/03/13 | C |
| DP0003 | 12/02/13 | 12/02/13 | 353.00 | 353.00 | 0.00 | V | DEBIT CA | 12/03/13 | C |
| DP0004 | 01/01/14 | 01/01/14 | 247.00 | 247.00 | 0.00 | V | DEBIT CA | 01/02/14 | C |
| C00005 | 01/01/14 | 01/01/14 | 106.00 | 106.00 | 0.00 | V | DEBIT CA | 01/02/14 | C |
| C00006 | 01/28/14 | 01/28/14 | 266.00 | 266.00 | 0.00 | V | DEBIT CA | 01/29/14 | C |
| E00007 | 01/28/14 | 01/28/14 | 89.00 | 89.00 | 0.00 | V | DEBIT CA | 01/29/14 | C |
| P | 03/02/14 | 03/02/14 | 189.89 | 31.20 | 158.69 | V | DEBIT CA | 03/03/14 | C |
| P | 04/02/14 | 04/02/14 | 189.89 | 31.66 | 158.23 | V | DEBIT CA | 04/03/14 | C |
| P | 05/02/14 | 05/02/14 | 189.89 | 32.14 | 157.75 | V | DEBIT CA | 05/03/14 | C |
| P | 06/02/14 | 06/02/14 | 189.89 | 32.62 | 157.27 | V | DEBIT CA | 06/03/14 | C |
| P | 07/02/14 | 07/02/14 | 189.89 | 33.11 | 156.78 | V | DEBIT CA | 07/03/14 | C |
| P | 08/02/14 | 07/03/14 | 189.89 | 33.61 | 156.28 | V | DEBIT CA | 07/04/14 | C |
| P | 08/02/14 | 07/07/14 | -189.89 | -33.61 | -156.28 | V | | 07/09/14 | C |
| P | 08/02/14 | 08/05/14 | 189.89 | 33.61 | 156.28 | V | DEBIT CA | 08/06/14 | C |
| P | 09/02/14 | 09/02/14 | 189.89 | 34.11 | 155.78 | V | DEBIT CA | 09/03/14 | C |
| P | 10/02/14 | 10/02/14 | 189.89 | 34.62 | 155.27 | V | DEBIT CA | 10/03/14 | C |
| P | 11/02/14 | 11/02/14 | 189.89 | 35.14 | 154.75 | V | DEBIT CA | 11/03/14 | C |
| P | 12/02/14 | 12/02/14 | 189.89 | 35.67 | 154.22 | V | DEBIT CA | 12/03/14 | C |
| P | 01/02/15 | 01/02/15 | 189.89 | 36.20 | 153.69 | V | DEBIT CA | 01/03/15 | C |
| P | 02/02/15 | 02/02/15 | 189.89 | 36.74 | 153.15 | V | DEBIT CA | 02/03/15 | C |
| P | 03/02/15 | 03/02/15 | 189.89 | 37.29 | 152.60 | V | DEBIT CA | 03/03/15 | C |
| P | 04/02/15 | 04/02/15 | 189.89 | 37.85 | 152.04 | V | DEBIT CA | 04/03/15 | C |

```
nr_payment_history                                              Date:    06/26/2015 09:35
                            Central Florida Investments
            MRPAYHIST Payment History for Contract #        5500        Page:          2
```

| Doc # | Due Dt | Dt Paid | Total Am | Amt/ Prin | Interest | M | Pymt-ID | Mod DateT |
|---|---|---|---|---|---|---|---|---|
| P | 05/02/15 | 05/02/15 | 189.89 | 38.42 | 151.47 | V | DEBIT CA | 05/03/15C |
| P | 06/02/15 | 06/02/15 | 189.89 | 39.00 | 150.89 | V | DEBIT CA | 06/03/15C |

```
mr_payment_history                                       Date:    06/26/2015 09:35
                      Central Florida Investments
         MRPAYHIST Payment History for Contract #        500        Page:       3


                        S U M M A R Y   O F   P A Y M E N T S

Description                Amt/ Princ            Interest                Total
-------------------        ------------       -------------          -----------
Closing                         372.00                0.00               372.00
Down Payment                  1,100.00                0.00             1,100.00
Exchange Fee                     89.00                0.00                89.00
Mortgage Payment                559.38            2,478.86             3,038.24
                           ------------       -------------          -----------
Payment Summary Totals:       2,120.38            2,478.86             4,599.24

                    S U M M A R Y   O F   O P E N   I T E M S

Doc #         Due Date        Tot Amoun        Amt/Princ      Interest  Days Due
-----        ----------       ---------        ---------      --------  --------


                                ----------
        Total Due:
```